Filed 9/27/21  Conservatorship of O.R. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of O.R. | |
| CONTRA COSTA COUNTY HEALTH SERVICES DEPARTMENT, as Conservator, etc., Petitioner and Respondent, v. O.R., Objector and Appellant. | A161913 (Contra Costa County Super. Ct. No. MSP10-00332) |

O.R. appeals from a December 2020 order reestablishing his conservatorship under the Lanterman-Petris-Short Act (LPS Act, Welf. & Inst. Code, §§ 5000, 5350)[1] and reappointing the Contra Costa County Health Services Department (Department) as his conservator.  O.R.'s appointed counsel filed a brief raising no appellate issues.  O.R. has not filed a supplemental brief.

We dismiss the appeal.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).)

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

## BACKGROUND

O.R. suffers from a mental illness and is cognitively impaired. In 2010, the trial court found O.R. gravely disabled as a result of his mental disorder and appointed a conservator pursuant to the LPS Act. (§§ 5008, subd. (h)(1)(A), 5350.) Between 2010 and 2019, the Department successfully petitioned for one-year renewals of the conservatorship (§ 5361). In August 2020, the Department again petitioned for renewal, alleging O.R. remained gravely disabled as a result of his mental disorder. O.R. waived his right to a jury trial.

At a December 2020 bench trial, the Department offered the testimony of Michael Levin, M.D., a psychiatrist qualified by the court as an expert on psychiatry and grave disability. Levin testified that O.R. is gravely disabled and unable to care for himself. At the conclusion of the bench trial, the court found O.R. gravely disabled, renewed the conservatorship, and reappointed the Department as O.R.'s conservator. (See *Conservatorship of K.P.* (2021) 11 Cal.5th 695, 710–712, 719.)

## DISCUSSION

*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) establishes that "[i]n an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Ben C.*, *supra*, 40 Cal.4th at p. 535.) But as O.R.'s appointed counsel acknowledges, *Wende* review is not required "in conservatorship proceedings." The California Supreme Court has held that the right to independent review does not extend to appeals from the imposition of a conservatorship under the LPS Act. (*Ben C.*, at p. 539; see also *People v. Freeman* (2021) 61 Cal.App.5th 126, 132.)

2

As our high court has explained:  "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw.  Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law.  Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion.  Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.'  Nothing is served by requiring a written opinion when the court does not actually decide any contested issues."  (*Ben C., supra,* 40 Cal.4th at p. 544, fns. omitted.)

Pursuant to the procedure set out in *Ben C.*, appointed counsel filed a brief setting out the applicable facts and law and indicating he found no arguable issues to be pursued on appeal.  (*Ben C., supra*, 40 Cal.4th at p. 544.)  In an accompanying declaration, counsel averred that he explained his evaluation of the record on appeal and his "intention to file this [brief]" to O.R. and notified O.R. of his right to file a supplemental brief within 30 days.  Counsel also served O.R. with a copy of the brief.  O.R. did not file a supplemental brief within the allotted time period.  Consistent with *Ben C.*, we therefore dismiss the appeal.  (See *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1023, 1026.)

## DISPOSITION

The appeal is dismissed.

_____

Chou, J.*

WE CONCUR:

_____

Tucher, P. J.

_____

Fujisaki, J.

A161913

---

* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4